IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PATRICK COLLINS, INC.,
    Plaintiff,

v.                                    Case No.  3:12cv339/MCR/CJK

JOHN DOES 1 - 5,
    Defendants.
_____

ORDER

    This matter is before the undersigned magistrate judge upon defendant John Doe 4's Motion to Quash, Sever, or Modify Subpoena.  (Doc. 8).  Plaintiff Patrick Collins, Inc., has brought this copyright infringement action against five "John Doe" defendants, alleging that defendant Does have obtained copies of plaintiff's copyrighted work[1] without authorization through a file sharing network.  (Doc. 1-1). Plaintiff's Motion for Leave to Take Discovery, (doc. 5), was granted, allowing plaintiff to conduct limited expedited discovery and serve Rule 45 subpoenas on the putative defendants, internet service providers, and any related intermediary internet service providers.  In the order, I allowed plaintiff to subpoena records likely to reveal the defendants' true names and addresses.  (Doc. 7, p. 2).  Such information would

---

[1] The actual complaint does not appear to identify the work in question, but that work is identified by a copyright registration record of the motion picture at issue, attached to complaint as Exhibit "C."  (Doc. 1-4).

only be discoverable through the defendants' internet service provider, who could associate the defendants' internet protocol address ("IP address") with the relevant identifying information. Plaintiff has requested such information from Comcast Cable and Cox Communications, the internet service providers for the Doe defendants. In response, John Doe 4 seeks to quash, sever, or modify the subpoena received by Cox Communications. Doe 4 seeks to prevent Cox from divulging his personal identification information. (Doc. 8, p. 1). Doe 4 has also filed an amended motion, (doc. 10), which will be disposed of by this order.

## DOE 4'S STANDING TO CHALLENGE THE SUBPOENA

As a threshold matter, plaintiff argues in its opposition memorandum, (doc. 9), that John Doe 4 lacks the necessary standing to challenge the subpoena. Defendant John Doe 4 admits that the subpoena being challenged is the one served on Cox Communications. (Doc. 8, p.1). "A party to an action may not seek to quash or modify a subpoena on behalf of a non-party to which it was issued." *AF Holdings, LLC v. Does 1-162*, No. 11-23036-CIV, 2012 WL 488217, at *3 (S.D. Fla. Feb. 14, 2012); *accord Liberty Media Holdings, LLC v. Swarm Sharing Hash File*, 821 F. Supp. 2d 444, 450 (D. Mass. 2011) ("The Court need not reach the merits of these arguments as the subpoenas at issue were served on the ISPs, not Doe 15 and Doe 2. As such, Doe 15 and Doe 2 lack standing to raise procedural objections."); *W. Coast Prod., Inc. v. Does 1-5829*, 275 F.R.D. 9, 16 (D.D.C. 2011) (holding that internet service providers, personally, are the proper parties to raise procedural objections to a subpoena served upon them); *Windsor v. Martindale,* 175 F.R.D. 665, 668 (D. Colo. 1997) (*citing Oliver Cannon & Son v. Fid. & Cas. Co. of N.Y.*, 519 F. Supp. 668 (D. Del. 1981)) ("The general rule is that a party has no standing to quash a subpoena

served upon a third party, except as to claims of privilege relating to the documents being sought.").

Some courts, however, have found that Doe defendants have standing to challenge a subpoena provided to a non-party internet service provider because the subpoena sought information that implicated defendant's privacy interests or First Amendment rights. *See Hard Drive Prod. v. Does 1-48*, No. 11-CV-9062, 2012 WL 2196038, at *3 (N.D. Ill. June 14, 2012) ("Generally, a party lacks standing to quash a subpoena issued to a nonparty unless the party has a claim of privilege attached to the information sought or unless it implicates a party's privacy interests."); *Sunlust Pictures, LLC, v. Does 1-75*, No. 12-C-1546, 2012 WL 3717768, at *2 (N.D. Ill. Aug. 27, 2012) (finding such a privacy interest grants standing to challenge a subpoena); *Sony Music Entm't Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 561-63 (S.D.N.Y. 2004) (allowing Doe defendants who were not served with a subpoena standing to challenge their internet service provider's subpoena on First Amendment grounds). In cases involving subpoenas directed at other targets, courts have recognized the exception to standing where "the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena." *Transcor, Inc. v. Furney Charters, Inc.*, 212 F.R.D. 588, 590 (D. Kan. 2003); *see also Jacobs v. Conn. Comm. Tech. Colleges*, 258 F.R.D. 192 (D. Conn. 2009) (identifying personal privacy right and privilege in records maintained by mental health care providers).

In the present case, the existence or non-existence of standing does not change this Court's calculus that neither the First Amendment nor privacy concerns raised by the defendant are sufficient to limit the requested disclosure of John Doe 4's

identification information.  "[I]ndividuals who use the internet to download or distribute copyrighted works are engaged in only a limited exercise of speech and the First Amendment does not necessarily protect such person's identities from disclosure."  *AF Holdings, LLC*, 2012 WL 488217, at *3 (finding that Doe defendant's attempt to quash the subpoena fails because the Doe defendant freely gave such identifying information over to his/her internet service provider, and thus, whatever privacy interest the Doe defendant could have in that identifying information is outweighed by the Plaintiff's need to have such information to pursue litigation); *see also Hard Drive Prod.*, 2012 WL 2196038, at *3 ("Accordingly, in the context of a subpoena challenge, the defendant's First Amendment right to remain anonymous gives way to the plaintiff's right to access the judicial process to protect its copyright."); *Boy Racer, Inc., v. John Does 1-34*, No. 11-23035, 2012 WL 1535703, at *4 (S.D. Fla. May 1, 2012) (adopting the reasoning in *AF Holdings, LLC,* and finding that there is not a sufficient privacy interest in a Doe defendant's identification information given to his/her internet service provider); *Call of the Wild Movie, LLC v. Does 1-1,062*, 770 F. Supp. 2d 332, 353-54 (D.D.C. 2011) ("The putative defendants' asserted First Amendment right to anonymity in this context does not shield them from allegations of copyright infringement.").  Hence, this Court will not decide the matter on the issue of standing, as the subpoena will not be quashed or modified on the grounds advanced by defendant John Doe 4.  The court is of the opinion that an order based upon the merits is the better course, considering the number of similar cases pending nationwide.

## UNDUE BURDEN

Under Federal Rule of Civil Procedure 45(c)(3)(A), "the issuing court must

quash or modify a subpoena" when the subpoena:

> (i) fails to allow a reasonable time to comply;
> (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person--except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
> (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
> (iv) subjects a person to undue burden.

Fed. R. Civ. P. 45(c)(3)(A)(i-iv). Defendant John Doe 4 claims that the subpoena served on Cox Communications is unfair and would subject Doe 4 to an undue burden. (Doc. 8, p. 2). Defendant John Doe 4 indicates that his current residence, Japan, is well over 9,000 miles away from the Court, in an effort to demonstrate the burden of litigating in this court.[2] (Doc. 8, p. 2). Any possible burden that may be imposed on the Doe defendants is not germane for the purposes of the subpoena at issue. Defendant John Doe 4 misconstrues Federal Rule of Civil Procedure 45(c)(3)(A)(iv), and assumes that its protections are applicable to him (or her). Such

---

[2] Defendant John Doe 4 also briefly mentions that the Court lacks the requisite jurisdiction over the defendant. At this stage, all that is known to the Court is that the infringement allegedly occurred in the jurisdiction of the Northern District of Florida. (Doc. 1-1, p. 1). Any identifying information beyond that is unknown, and would be needed before adjudication of a jurisdictional objection which could be properly raised in an answer. *See Voltage Pictures, LLC v. Does 1-5,000*, 818 F. Supp. 2d 28, 43-44 (D.D.C. 2011) ("In cases where a party's contacts with the jurisdiction are unclear and the record before the court is 'plainly inadequate,' courts have allowed for a discovery period within which to gather evidence to support jurisdiction."); *see also AF Holdings, LLC,* 2012 WL 488217, at *4 (finding jurisdictional objections premature before discovery of the identifying information is completed).

*Case No: 3:12cv339/MCR/CJK*

protections, however, apply only to the party subject to the subpoena at issue.[3] *See* Fed. R. Civ. P. 45(c). Here, the defendant John Doe 4 is not the party subject to the subpoena, instead Cox Communications is afforded the protection against an undue burden. Further, since defendant John Doe 4 is not subject to the subpoena, any burden imposed would be *de minimis* as John Doe 4 is not required to take any action. *See Liberty Media Holdings, LLC*, 821 F. Supp. 2d at 450 ("The subpoenas at issue compel the various ISP's to produce subscriber information for the IP addresses of Does 1-38; this imposes no burden on either the moving defendants or any of Does 1-38."); *Hard Drive Prod.*, 2012 WL 2196038, at *3 (noting that the subpoenas place a burden only on the internet service provider, and place no burden on the Doe defendant because they require no action from him); *Voltage Pictures, LLC v. Does 1-5,000*, 818 F. Supp. 2d 28, 36 (D.D.C. 2011) ("Consequently, the putative defendants face no obligation to produce any information under the subpoenas issued to their respective ISPs and cannot claim any hardship, let alone undue hardship.").

      John Doe 4 also maintains that the litigation in this lawsuit has the prospect of coercing settlements from the defendants because of the public embarrassment of allegations concerning downloading pornographic materials. (Doc. 8, p. 3). This argument of so-called extortion has been found unavailing by multiple courts. *See Boy Racer, Inc.,* 2012 WL 1535703, at *4 (concluding that the potential embarrassment or social stigma that Doe defendants could face is not sufficient reason for allowing them to proceed anonymously in the litigation); *see also AF Holdings, LLC,* 2012 WL 488217, at *4 ("The Doe Defendant's cry of extortion-by-

---

[3] Having declined to dispose of this matter on the question of standing, the court nonetheless must recognize that this portion of the analysis is fairly well intertwined with the standing issue.

*Case No: 3:12cv339/MCR/CJK*

litigation is . . . insufficient."); *Liberty Media Holdings, LLC*, 821 F. Supp. 2d at 453, n. 8 (holding that "'mere embarrassment' of being publicly named in a lawsuit involving hardcore pornography," is insufficient to grant anonymity in the lawsuit).

In the present case, defendant John Doe 4 has not shown how the contested subpoena places an undue burden, or really any burden, on his or her shoulders. Additionally, the party who could be burdened, Cox Communications, has not moved to quash the subpoena. The undersigned declines to quash or modify the subpoena on the above grounds. This decision, however, does not prevent any of the defendants from raising claims of innocence or mistaken identity later in the litigation. Only with discovery aimed at identifying the various parties and their IP addresses, will the case unfold so that these various defenses can be pled and tested. Further, Defendant Doe 4 has requested a protective order as part of the present motion, as amended. (Doc. 10, p. 7). In its response, plaintiff has agreed to a protective order, (Doc. 11, p. 4), shielding Doe 4's identifying information from public record. Plaintiff has suggested the terms of such order, and the court will include such terms in this disposition.

## JOINDER OF ALL DOE DEFENDANTS

Doe 4 also argues that joinder of unrelated defendants in this action is improper. Federal Rule of Civil Procedure 20(a) permits permissive joinder of defendants if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). The joinder of claims and parties is "strongly encouraged."

*Case No: 3:12cv339/MCR/CJK*

*United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966). In deciding joinder claims, the district court should take heed of joinder's purpose; "[joinder should] 'promote trial convenience and expedite the resolution of disputes, thereby eliminating unnecessary lawsuits.'" *Swan v. Ray*, 293 F.3d 1252, 1253 (11th Cir. 2002) (*quoting Alexander v. Fulton Cnty., Ga.*, 207 F.3d 1303, 1323 (11th Cir. 2000)). Prior court decisions involving peer-to-peer torrent networks have arrived at differing conclusions regarding the joinder of claims for members of the same torrent "swarm[4]." *See e.g., Sunlust Pictures, LLC*, 2012 WL 3717768, at *3-4 (providing a comprehensive list of torrent cases granting or denying joinder).

Here, several aspects of the case persuade the court that improper joinder has not been shown. Importantly, each of the five Doe defendants downloaded the same file, proven through the file hash marker. (Doc. 1-1, p. 1). This fact, coupled with the inherent nature of how a torrent file "swarm" operates, indicates that each Doe defendant could possibly download or upload portions of the file from one another and also obtain portions from the original source. This transfer mechanism lends credence to the contention that the right to relief arises from the same transaction, occurrence, or series of transactions and occurrences. As alleged, these events took place within the "swarm." *See Patrick Collins, Inc., v. John Does 1-21*, 282 F.R.D. 161, 167-68 (E.D. Mich. 2012) (finding the nature of torrent file downloading to be different from other forms of internet file sharing and that the inherent relationship present in a torrent swarm implicates a common series of transactions); *see also*

---

[4] As the undersigned understands, a torrent swarm is a collective enterprise where the various participants are both downloading and uploading a file at the same time, resulting in several uploaders combining their individual efforts, the practical effect being the increase in speed at which each person downloads the file.

*Case No: 3:12cv339/MCR/CJK*

*Liberty Media Holdings*, 821 F. Supp. 2d at 452 (noting that the swarm aspect of BitTorrent satisfies the same transaction or occurrence requirement); *New Sensations, Inc., v. Does 1-1474*, C-11-2770-MEJ, 2011 WL 4407222, at *6 (N.D. Cal. Sept. 22, 2011) ("Doe defendants here were part of the same swarm.  Defendants' alleged infringing activity occurred over a period of over nine months . . . . For each of the [putative Doe Defendants], Plaintiff has provided an identical hash.  Based on these allegations, Plaintiff's claims against the Doe Defendants appear logically related.  Each putative defendant is a possible source for the copyrighted work . . . .") (exhibit references omitted); *Call of the Wild Movie, LLC*, 770 F. Supp. 2d at 343 ("Each putative defendant is a possible source for the plaintiffs' motion pictures, and may be responsible for distributing the motion pictures to the other putative defendants, who are also using the same file-sharing protocol to copy the identical copyrighted material . . . . [C]laims against the defendants potentially stem from the same transaction or occurrence, and are logically related.").  The temporal distance of several months between the download of the files by various Doe defendants does not change this Court's reasoning.  *See Patrick Collins, Inc.*, 282 F.R.D. at 168 ("[T]he law of joinder does not have as a precondition that there be temporal distance or temporal overlap; it is enough that the alleged BitTorrent infringers participated in the same series of uploads and downloads in the same swarm.").

The second requirement for permissive joinder also appears.  Plaintiff's entitlement to relief, if any, will stem from a question of law or fact common to all defendants including the question of whether the copyright was infringed by defendant Does' actions and the various legal issues surrounding the use of a torrent "swarm" to allegedly infringe on the copyright.  *See Sunlust Pictures, LLC*, 2012 WL 3717768, at *4; *Call of the Wild Movie, LLC*, 770 F. Supp. 2d at 343-44.  The court

also noted, in conjunction with the last observation, that plaintiff has only joined five defendants at this stage. For these reasons John Doe 4 will not be granted severance at this stage.

Upon the foregoing, it is ORDERED:

1. Defendant Doe 4's Motion to Quash, Sever, or Modify Subpoena, (Doc. 8), is DENIED. Doe 4's amended motion. (Doc. 10) is likewise DENIED.

2. Defendant Doe 4's request for a protective order, consented to by plaintiff, is GRANTED. Accordingly, it is further ORDERED Defendant Doe 4 is permitted to proceed in this matter as John Doe 4, and plaintiff will not use John Doe 4's name or any identifying information in publicly filed documents. All documents with John Doe 4's identification information will be filed under seal. This order will be construed only so broadly as to comport with the conditions set forward in this Court's previous Order granting discovery. (Doc. 7).

At Pensacola, Florida, this 16th day of October, 2012.

/s/ *Charles J. Kahn, Jr.*
CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE